IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01647-BNB

CLARENCE BALDWIN,

    Plaintiff,

v.

CSPO OFFICER O'CONNOR, #2057,
D.D.A. GAIL S. WARKENTIN, #23429, and
JUDGE BARNEY IUPPA, #002799,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Clarence Baldwin, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional center in Delta, Colorado. Mr. Baldwin has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983. He asks for money damages.

    Mr. Baldwin has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while

they acted under color of state law. ***Adickes v. S. H. Kress & Co***, 398 U.S. 144, 150 (1970).

Mr. Baldwin is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. ***See*** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. ***Green v. Nottingham***, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Baldwin's filings liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not be an advocate for a ***pro se*** litigant. ***See id***. For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Baldwin is challenging his arrest and subsequent conviction and sentence as an habitual domestic violence offender in El Paso County, Colorado, District Court Criminal Case No. 09CR1125. He is suing the police officer who arrested him, the deputy district attorney who prosecuted him, and the judge who convicted him. He alleges that his constitutional rights were violated during the course of his arrest and

2

state court criminal proceedings in No. 09CR1125. He specifically asserts that he was subjected to an illegal search and seizure, double jeopardy, and prosecutorial misconduct, among other alleged violations. As to the illegal search and seizure claim, Mr. Baldwin alleges that, on the morning of March 9, 2009, two Colorado Springs officers, including Officer O'Connor, and his wife's 25-year-old daughter entered the apartment he shared with his wife "without our permission, without our knowledge, without a warrant, and under false pretenses." Complaint (ECF No. 1) at 4.

Mr. Baldwin's § 1983 claims will be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. However, in *Heck*, the Supreme Court recognized that allegations of an illegal search and seizure do not always implicate the validity of a conviction, noting that:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n. 7. As such, in cases involving claims of illegal search and seizure, the United States Court of Appeals for the Tenth Circuit has acknowledged that *Heck* does not automatically bar these claims. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557-59 (10th Cir. 1999) (rejecting a blanket application of *Heck* and noting that *Heck* did not automatically bar the plaintiff's claims of unreasonable search and seizure); *see also Quarterman v. Crank*, No. 00-8015, 2000 WL 988312, at *2 (10th Cir. July 6, 2000) (finding that "[a]llegations of an illegal search and seizure . . . do not always implicate the validity of a conviction") (unpublished decision).

Therefore, in order for Mr. Baldwin to proceed on his search and seizure claim at this time, he must prove that the search was unlawful and it caused actual, compensable injury beyond the injury of being convicted. *See Heck*, 512 U.S. at 487 n. 7. Mr. Baldwin does not assert any injury other than the injury of being convicted; accordingly, his search-and-seizure claim falls squarely within *Heck*. *See, e.g., Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (dismissing pursuant to *Heck* Fourth and Fifth Amendment claims alleging that a probation officer and others conspired to have search and arrest warrants issued where the only relief sought was for damages resulting from the arrest and related incarceration).

The Court finds that Mr. Baldwin's claims for money damages challenging the validity of his state court criminal conviction and sentence are barred by the rule in *Heck*, and must be dismissed. The dismissal of these claims will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck*

dismissal counts as a strike under § 1915(g). *See **Hafed v. Federal Bureau of Prisons**, 635 F.3d 1172, 1177-78 (10th Cir. 2011).*

Even if Mr. Baldwin's claims were not barred by **Heck**, Defendant state court judge, Barney Iuppa, is absolutely immune from a civil rights suit for money damages for actions taken in his judicial capacity, unless he acted in the clear absence of all jurisdiction. *See **Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994).* Mr. Baldwin does not allege any facts to show that Judge Iuppa acted outside of his judicial capacity. Defendant El Paso County deputy district attorney, Gail S. Warkentin, also enjoys absolute immunity from suit for damages under § 1983. *See **Imbler v. Pachtman**, 424 U.S. 409, 420-24 (1976).*

Mr. Baldwin may pursue habeas corpus claims seeking release from custody pursuant to 28 U.S.C. § 2254, *see **Preiser v. Rodriguez**, 411 U.S. 475, 504 (1973),* after exhaustion of state remedies, *see § 2254(b)(1)(A); **Preiser**, 411 U.S. at 499 n.14; **Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief).*

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 26th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01647-BNB

Clarence Baldwin
Prisoner No. 90548
Delta Correctional Center
4102 Sawmill Mesa Rd
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 26, 2011.

                                 GREGORY C. LANGHAM, CLERK

                                 By: _____
                                                Deputy Clerk